BURNS *v.* CLARKSDALE PRODUCTION CREDIT ASS'N.

(In Banc.  Dec. 8, 1941.)

[5 So. (2d) 10.  No. 34757.]

John W. Crisler, of Clarksdale, for appellant.

Maynard, Fitzgerald & Maynard, of Clarksdale, and R. E. Spivey, Jr., of New Orleans, Louisiana, for appellee.

**McGehee, J.**, delivered the opinion of the court.

On a former appeal of this case, the court reversed and remanded the cause on account of the error committed in granting a peremptory instruction in favor of the defendant. We deem it unnecessary to again state the issues involved in the case, since the opinion rendered on the first appeal sets forth the nature of the controversy and the questions presented for determination. Burns v. Clarksdale Production Credit Association, 189 Miss. 34, 195 So. 588. Upon the remand of the case for a new trial, and after the empaneling of the jury to try the issues involved, the appellee, Clarksdale Production Credit Association, as defendant in the court below, dictated into the record a motion to dismiss the case for want of jurisdiction of the subject matter, the basis of the motion being that the payment to the defendant by the Department of Agriculture of the sum of $398.90, representing

the amount of a "subsidy check" due the plaintiff as a farmer under the Cotton Price Adjustment Payment Plan for the 1937 Cotton Program under the Third Deficiency Appropriation Act, fiscal year 1937, approved August 25, 1937, Public Law No. 354, 75th Congress, First Session, 50 Stat. 762, 7 U. S. C. A., sec. 612c note, and by Section 381 (a) of the Agricultural Adjustment Act of 1938, approved February 16, 1938, Public Law No. 430, 75th Congress, 3rd Session, 52 Stat. 67, as amended, 7 U. S. C. A. Sec. 1381(a), is reviewable only by the Secretary of Agriculture.

This motion to dismiss the case for such alleged want of jurisdiction of the subject matter was sustained by the court below and a final judgment rendered dismissing the suit. At the time of the sustaining of this motion, the record before the court consisted only of the plaintiff's declaration charging liability on the part of the defendant for money had and received on the ground that the defendant, as mortgagee holding a lien on the plaintiff's crops for the year 1937, had wrongfully obtained the subsidy check from the Department of Agriculture, without notice to the plaintiff, and which check was then free of all liens, claims and rights of action of any kind whatsoever, by representing to the Department of Agriculture that the plaintiff had voluntarily abandoned his crop under such circumstances as to entitle the mortgagee to the proceeds of such check; and also a plea of the general issue and notices thereunder filed by the defendant.

It is provided by the Third Deficiency Appropriation Act, supra, that "such payments to any producer shall be at a rate per pound equal to the difference between 12 cents per pound and the average price of seven-eights Middling cotton on the ten designated spot cotton markets on the dates of sale of such cotton, but in no case shall exceed 3 cents per pound." The act then further provides that "the basis for any such payment, or the amount thereof, when officially determined in conformity with rules prescribed by the Secretary of Agriculture

shall be reviewable only by the Secretary of Agriculture.'' The appellee invokes this latter provision as a ground for the want of jurisdiction on the part of the court below of the subject matter here involved. This suit, however, is not brought for the purpose of challenging the correctness of either the basis on which the subsidy check was computed or the correctness of the amount thereof. The plaintiff in his declaration recognizes both the correctness of the basis of computation and the amount of the subsidy allowed. His alleged right of action is for money had and received, and of which the circuit courts of this state still have jurisdiction. It seems to us immaterial as to where the money in controversy came from. The question is to whom did it belong.

If the payment was obtained from the Department of Agriculture by reason of some recommendation or determination of the County Committee, provided for under the act, as to the eligibility of the appellee to receive payment, there was no showing made that ''fifteen days notice thereof was given to or available to'' the producer, as provided by Section 61 of the Cotton Price Adjustment Plan, supra, in order that he might request such committee in writing to reconsider its recommendation or determination with respect to his own eligibility to receive the payment and in order that he might take an appeal as provided for by the act in accordance with the terms thereof, adopting the provisions of the 1938 Agricultural Conservation Program, Section XVI thereof in regard to appeals, within fifteen days after notice to him as provided therein. Most assuredly, the plaintiff cannot be defeated of his right to the proceeds of the subsidy check upon the theory that he had ''disappeared, become incompetent, or voluntarily ceased to cultivate, abandoned, sold, or through his own fault or neglect lost control of his cotton crop'' within the meaning of Section 41 of the Cotton Price Adjustment Plan, in such manner as to forfeit the same to the defendant, without notice and an opportunity to be heard in regard thereto. Moreover,

it would be too late to have the matter now reviewed by the Secretary of Agriculture, for the reason that the subsidy has already been paid to the defendant and converted to its own use, and there is no provision in the act for the Department of Agriculture to make a double payment of such subsidy. If upon a trial on the merits it is shown that the defendant obtained the check in question, without being legally entitled thereto, and converted the proceeds thereof to its own use, it would be liable in an action at law for money had and received.

The cause must therefore be again reversed and remanded for a trial of the issues set forth in the former opinion herein.

Reversed and remanded.